Lawrence Spasojevich, Esq.
*Attorney for Plaintiff*
9224 Queens Boulevard #740010
Rego Park, New York 11374
Email: ls@spasojevichlaw.com
Telephone: (914) 487-3592

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SABRINA HARRIELL,

CASE NO.

Plaintiff,    **COMPLAINT**

-against-

OS RESTAURANT SERVICES, LLC

ECF Case,

Defendant.

---

Plaintiff, SABRINA HARRIELL, on behalf of Plaintiff, by and through the undersigned

attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant, OS

RESTAURANT SERVICES, LLC and states as follows:

## <u>INTRODUCTION</u>

1.    This is a civil action brought to remedy sex discrimination, sexual harassment, and

retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

("Title VII"); 42 U.S.C. § 1981 et seq. and the New York State Human Rights Law, N.Y. Exec.

Law § 290 et seq. ("NYSHRL").

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367.

3.    Venue is proper in the SOUTHERN DISTRICT OF NEW YORK pursuant to 28 U.S.C.

§ 1391(b)(1) as the Defendant resides in this District pursuant to its election with the Secretary of

State of the State of New York.

## ADMINISTRATIVE PROCEDURE

4.    On April 19, 2022, Plaintiff filed a complaint with the New York State Division of

Human Rights and assigned SDHR Case No: 10216780.

5.    Plaintiff also cross filed with the Equal Employment Opportunity Commission and

assigned Federal Charge No: 16GC202229.

6.    On or about September 7, 2022, the New York State Division of Human Rights issued a

Probable Cause Finding. Annexed hereto as Exhibit "A" is a true and accurate copy of the

Probable Cause Finding.

7.    On or about August 28, 2023, less than ninety (90) days from the initation of this action,

Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

Annexed hereto as Exhibit "B" is a true and accurate copy of the Right to Sue Letter.

## PARTIES

8.    Plaintiff, SABRINA HARRIELL, is an adult resident of , New York.

9.    Plaintiff is a woman.

10.    Upon information and belief, Anthony Foster is a man.

11.    Upon information and belief, Brandon Kallen is a man.

12.     At all times material hereto, Plaintiff was an "individual" within the meaning of the NYSHRL.

13.     At all times material hereto, Plaintiff is a "person" within the meaning of the NYSHRL and protected against discrimination on the basis of criminal history.

14.     Upon information and belief, Defendant, OS RESTAURANT SERVICES, LLC, is a business corporation, organized and existing under the laws of the State of New York and has elected  the county of New York as its residence.

## LEGAL FRAMEWORK

15.     Under Title VII, it is an unlawful employment practice for an employer to "discharge any individual, or otherwise to discriminate against any individual" with respect to the terms, conditions, or privileges of employment, because of the employee's race or sex. 42 U.S.C. § 2000e-2(a)(1).

16.     The NYSHRL provides that it shall be an unlawful discriminatory practice "to discharge from employment . . . or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of an individual's age, race or sex. N.Y. Exec. Law § 296(1)(a).

## STATEMENT OF FACTS

17.     The within Complaint is based upon violations of Title VII of the Civil Rights Act and 1964 the NYSHRL by the Defendant and/or agents or employees of Defendant and are liable due to their actions and/or inactions against the Plaintiff and/or the supervisory role of the agents or employees of Defendant.

18.    During the course of her employment with Defendant, Plaintiff was subject to multiple incidents of unprofessional, abusive, offensive, and discriminatory conduct perpetuated by Anthony Foster, a co-worker, including, but not limited to, the following:

        a.    Informing co-workers that he was having sex with Plaintiff;

        b.    Informing co-workers that he had a tape of him having sex with Plaintiff; and

        c.    Informing co-workers that he recordings of him and Plaintiff having sex.

19.    Furthermore, during the course of her employment with Defendant, Plaintiff was subject to multiple incidents of unprofessional, abusive, offensive, and discriminatory conduct perpetuated by Brandon Kallen, a supervisor of Plaintiff, including, but not limited to, the following:

        a.    Consistently and frequently making derogatory remarks to Plaintiff that "teased" Plaintiff and referencing her fictious relationship with Anthony Foster, including instances where Plaintiff complained to him regarding the treatment by Foster;

        b.    Telling Plaintiff that all it takes is "chicken tenders" to get close or have sex with Plaintiff.

20.    As a result of heinous and despicable actions of Anthony Foster and Brandon Kallen and/or their supervisory role with Defendant and/or  Defendant's inaction, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, emotionally distressed, extremely distraught, and intimidated.

21.    Brandon Kallen was in a supervisory position over Plaintiff and, therefore, Defendant,

OS RESTAURANT SERVICES, LLC,  is strictly liable for the damages incurred to Plaintiff.

22.    Furthermore, Defendant condoned the behavior of Anthony Foster by failing to take any

action when a complaint was lodged with Brandon Kallen.

23.    As a result of the discriminatory and intolerable treatment of Plaintiff by Defendant and/or

agents and/or employees of Defendant, she has suffered severe emotional distress and physical

ailments.

24.    The Defendant's agent and/or employee, Brandon Kallen, was in a supervisory position

and had the duty to provide a safe and non-disriminatory work environment in accordance with

the law and that any complaints the about sexual harassment and discriminatory behavior were to

no avail.

25.    Plaintiff pleaded with Anthony Foster to discontinue his unlawful sexual harassment and

confronted  him, in front of Brandon Kallen, to cease telling co-workers he was in possession of a

sex-tape that involved Plaintiff and Anthony Foster.

26.    In response, Anthony Foster became upset and threatened Plaintiff.

27.    Anthony Foster then stormed off and left Defendant's restaurant mid-shift, stating that he

quit.

28.    In response, Brandon Kallen reduced Plaintiff's schedule to one day a week.

29.    Anthony Foster stated and requested, and Defendant aquiesed, that he would return to work

if Plaintiff was terminated.

30.    Thereafter, Plaintiff was terminated in retaliation for her lawful complaints against

Anthony Foster.

31.    Plaintiff has been substantially damaged by the Defendant's wrongful conduct.

## COUNT 1
### [Violation of the Title VII – Sexual Harassment]

32.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs as enumerated above of this Complaint as if fully set forth herein.

33.     Title VII applies to the Defendant and protects the Plaintiff.

34.     Title VII prohibits sexual harassment in the workplace. *See* Title VII of the Civil Rights Act, Section 703 *et seq*. 29 CFR § 1604.11.

35.     Plaintiff, over the course of her employment, made best efforts to report the unlawful conduct of Anthony Foster; however, no action was taken and such action was condoned by the Defendant, OS RESTAURANT SERVICES, LLC.

36.     Brandon Kallen was in a supervisory position over Plaintiff and, therefore, Defendant, OS RESTAURANT SERVICES, LLC,  is strictly liable for the damages incurred to Plaintiff.

37.     The forgoing conduct, as alleged, constitutes a willful violation of the Title VII without a good or reasonable basis.

38.     Due to the Defendant's and Defendant's agents' and/or employees' violations of the Title VII, Plaintiff is entitled to recover from Defendant compensatory damages, punitive damages, attorneys' fees, and costs and disbursements of this action.

## COUNT 2
### [Violation of the NYSHRL – Sexual Harassment]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs as enumerated above of this Complaint as if fully set forth herein.

40.     The NYSHRL applies to the Defendant and protects the Plaintiff.

41.     The NYSHRL prohibits sexual harassment in the workplace.

42.     Defendant, pursuant to its policy and practices, discriminated against and allowed to foster a hostile work environment on the basis of Plaintiff's sex and/or gender by and through the acts of Defendant's agents, employees, and/or supervisory staff.

43.     Plaintiff, over the course of her employment, made best efforts to report the unlawful conduct of Anthony Foster; however, no action was taken and such action was condoned by the Defendant, OS RESTAURANT SERVICES, LLC.

44.     Brandon Kallen was in a supervisory position over Plaintiff and, therefore, Defendant, OS RESTAURANT SERVICES, LLC, is strictly liable for the damages incurred to Plaintiff.

45.     The forgoing conduct, as alleged, constitutes a willful violation of the NYSHRL without a good or reasonable basis.

46.     Due to the Defendant's and Defendant's agents' and/or employees' violations of the NYSHRL, Plaintiff is entitled to recover from Defendant compensatory damages, punitive damages, attorneys' fees, and costs and disbursements of this action, pursuant to NYSHRL §8-502(a).

## COUNT 3
### [Violation of Title VII- Retaliation]

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs as enumerated above of this Complaint as if fully set forth herein.

48.     The Title VII  applies to the Defendant and protects the Plaintiff.

49.     The Title VII prohibits retaliation when an employee lodges a complaint in good faith of what an employee believes to be a violation of the Title VII.

50.     Plaintiff did lawfully report the unlawful behavior of Anthony Foster to Brandon Kallen.

51.     Brandon Kallen did retaliate against Plaintiff in first reducing Plaintiff's hours and then terminating her employment as a result of her complaint of sexual harassment by Anthony Foster.

52.     Brandon Kallen was in a supervisory position over Plaintiff and, therefore, Defendant,

OS RESTAURANT SERVICES, LLC,  is strictly liable for the damages incurred to Plaintiff.

53.     The forgoing conduct, as alleged, constitutes a willful violation of the Title VII without a

good or reasonable basis.

54.     Due to the Defendant's and Defendant's agents' and/or employees' violations of the

NYSHRL, Plaintiff is entitled to recover from Defendant compensatory damages, punitive

damages, attorneys' fees, lost wages and costs and disbursements of this action, pursuant to

NYSHRL §8-502(a).

### COUNT 4
### [Violation of the NYSHRL - Retaliation]

55.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in

paragraphs as enumerated above of this Complaint as if fully set forth herein.

56.     The NYSHRL applies to the Defendant and protects the Plaintiff.

57.     The NYSHRL prohibits retaliation when an employee lodges a complaint in good faith of

what an employee believes to be a violation of the NYSHRL.

58.     Plaintiff did lawfully report the unlawful behavior of Anthony Foster to Brandon Kallen.

59.     Brandon Kallen did retaliate against Plaintiff in first reducing Plaintiff's hours and then

terminating her employment as a result of her complaint of sexual harassment by Anthony Foster.

60.     Brandon Kallen was in a supervisory position over Plaintiff and, therefore, Defendant,

OS RESTAURANT SERVICES, LLC,  is strictly liable for the damages incurred to Plaintiff.

61.     The forgoing conduct, as alleged, constitutes a willful violation of the NYSHRL without a

good or reasonable basis.

62.     Due to the Defendant's and Defendant's agents' and/or employees' violations of the

NYSHRL, Plaintiff is entitled to recover from Defendant compensatory damages, punitive

damages, attorneys' fees, lost wages and costs and disbursements of this action, pursuant to NYSHRL §8-502(a).

## JURY DEMAND

63.    Plaintiff demands a trial before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a)    An award of compensatory damages;

(b)    An award of punitive damages;

(c)    An award of lost-wages;

(d)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(e)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       October 6, 2023

                      Respectfully submitted


                      By: _Lawrence Spasojevich_
                          Lawrence Spasojevich, Esq.